Richard P. Sybert (SBN: 80731 )
Aaron P. Rudin (SBN: 223004)
GORDON & REES LLP
633 West Fifth Street, Suite 5200
Los Angeles, CA  90071
Telephone:  (213) 576-5000
Facsimile:  (213) 680-4470
cdavis@gordonrees.com
arudin@gordonrees.com

Attorneys for Defendant Dana M. Bashor

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERTIS, INC., a Delaware corporation; and WEBCRAFT, LLC, d/b/a VERTIS COMMUNICATIONS, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>PLANET ANTARES, INC., a California corporation; DANA M. BASHOR, an individual; and DOES 1 to 10. inclusive,<br><br>Defendants. | CASE NO. CV 10-9537 DSF (MANx)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulation Regarding Protective Order ("Stipulation") filed on August 23, 2011, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of Paragraphs 3, 5, 11, 13, 16, 17, 18, and 19 of the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as "Confidential," "confidential information or material," or

-1-
**PROTECTIVE ORDER**

other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal.  Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as "Confidential," "confidential information or material," or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  The parties' mere designation of any information, document, or thing as "Confidential," "confidential information or material," or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public

viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE DALE S. FISCHER, UNITED STATES DISTRICT JUDGE, INCLUDING THOSE APPLICABLE TO PROTECTIVE ORDERS AND FILINGS UNDER SEAL.**

## TERMS OF PROTECTIVE ORDER

1. Proceedings and Information Governed. This Protective Order will govern any document, information, or other thing furnished or produced by any party to any other party in connection with this action, which may be produced in this action and designated by the producing party as "confidential information or material" as defined below. The information **or material** protected includes, but is not limited to, information **or material** contained in responses to demands for identification and production of documents or other things; responses to interrogatories; responses to requests for admission; deposition testimony and exhibits; and all copies, extracts, summaries, compilations, designations, and portions of the foregoing.

2. Confidential Information or Material Defined. For purposes of this Order, "confidential information or material" will mean all information or material

(regardless of how generated, stored, or maintained) that:

  (a) Is produced for or disclosed to a receiving party (*i.e., any* plaintiff or defendant); and

  (b) Constitutes or contains confidential business, proprietary, or other commercially valuable information that qualifies for protection under the standards developed under Rule 26(c); and

  (c) Is reasonably and in good faith designated by the producing party as "confidential information or material" by the producing party in compliance with Paragraph 3 of this Protective Order.

3. Designation of Confidential Information or Material.  The producing party may designate any documents as "confidential information or material" by stamping or affixing to the physical objects, documents, discovery responses, deposition transcripts, **or exhibits** a stamp or other inscription that states: "Confidential."  The designation of any particular page of written material as "Confidential" shall indicate that all information **or material** contained on that page is "Confidential," unless otherwise indicated.  To the extent possible, such designation shall be made so as not to interfere with the content of any such written material.  The designation shall be removed from any exhibit used at trial.

Each party that designates **documents,** information, or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A designating party must take care to designate for protection only **that information or** those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, **information,** items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.  The parties shall not use mass, indiscriminate, or routinized designations.

If it comes to a party's or a non-party's attention that **documents,**

1  information, or items that it designated for protection do not qualify for protection
2  at all, or do not qualify for the level of protection initially asserted, that party or
3  non-party must promptly notify all other parties that it is withdrawing the mistaken
4  designation.

5  For information not reduced to written material, document, or other tangible
6  item, or information **or material** that cannot be conveniently designated as set
7  forth in this paragraph, the producing party must designate the confidential
8  information **or material** by giving written notice to the receiving party at the time
9  the confidential information **or material** is produced.  The written notice must
10 clearly identify that part of the information **or material** being produced is
11 designated as "Confidential."

12 If a party elects to make its business records available to another party to this
13 action for inspection and copying, in the manner in which the records are
14 maintained by the party in the ordinary course of business, in lieu of producing
15 specific documents, or in lieu of responding to interrogatories or other written
16 discovery, the party making its business records available for inspection and
17 copying is not required to stamp or affix to each document or record the words
18 "Confidential," and in lieu thereof, the party can designate all of the records made
19 available for inspection and copying by delivering to the inspecting party, or the
20 inspecting party's agents and representatives, written notice, that provides "ALL
21 OF THE DOCUMENTS MADE AVAILABLE BY [name of party] FOR YOUR
22 INSPECTION AND COPYING ARE DEEMED CONFIDENTIAL, PURSUANT
23 TO A PROTECTIVE ORDER DATED SEPTEMBER 8, 2011, ENTERED IN
24 UNITED STATES DISTRICT COURT- CENTRAL DISTRICT OF
25 CALIFORNIA, CASE NO. CV 10-9537 DSF (MANx).

26 4.  Party's Own Information.  The restrictions on the use of "confidential
27 information or material" established by this Protective Order apply only to the use
28 by a party of "confidential information or material" received from another party to

this action, or from a non-party to this action, and shall not apply to the use by a party of his/her/its own information.

5.  Persons Authorized to Receive Confidential Information and Material. For purposes of this Protective Order, the term "qualified recipient" of **confidential** information and material that has been designated pursuant to the terms of this Protective Order shall mean:

(a)  The parties to this action, including officers, directors, and other employees of the party to whom disclosure of confidential information **and material** is deemed necessary by that party for purposes of this action only;

(b)  The attorneys of record in this action, attorneys employed in-house by or on behalf of the parties, any attorneys retained by the parties in this action to consult on the litigation, their respective partners, associates, clerks, legal assistants, secretaries, and stenographic and support personnel, and such other persons retained by such attorneys to provide litigation support services in this action;

(c)  Experts and consultants, consistent with the provisions of paragraph 10 below;

(d)  Any persons to whom the Court in this action orders that disclosures may be made;

(e)  Any other person with prior written consent of the designating party; **and**

(f)  **The Court and its personnel.**

6.  Challenges to and Removal of Confidential Designations.  Nothing in this Protective Order shall preclude any party from challenging a designation of any information or material as "Confidential" by any other party.  If designated by a party as "Confidential" information and material **it** will be so treated for all purposes, and shall continue to be treated as "Confidential" unless and until the Court rules to the contrary.  Any party may challenge or object to the designation

as "Confidential" of any information and material and/or seek removal of particular items of "Confidential" information or material from this Protective Order by giving counsel for all other parties written notice of his/her/its intent to seek removal, which notice shall specify the items of "Confidential" information and material for which removal is sought. The written notice shall have attached a copy of such designated material **or information** or shall identify each subject document by production number or deposition page and shall state that the receiving party objects to the designation. The written notice shall be served by e-mail, facsimile, or overnight delivery. Counsel for the objecting party shall then initiate a conference in good faith in an effort to resolve any dispute concerning such designation. Counsel for the designating party shall have ten (10) calendar days from the date of service of the objection to provide any reasons for justifying the designation. If the objection cannot be resolved by agreement, the party objecting to the "Confidential" designation may make a motion to the Court, subject to the rules applicable to discovery motions generally, to declassify such information. Nevertheless, the burdens of proof and persuasion will be on the designating party. No party to the action shall be deemed by treating information and/or material as "Confidential" to have conceded that the information actually is "Confidential."

   7. Use of "Confidential" Information or Material. Any information or material designated as "Confidential" will be handled by the receiving party, and all other parties who receive copies of said information and/or material, in accordance with the terms of this Protective Order. Information and material designated as "Confidential" will be held in confidence by each receiving party, will be used by each receiving party for purposes of this action and trial only and not for any business, competitive, or other purpose unless agreed to in writing in advance by all parties to this action or as authorized by further order of the Court, and will not be disclosed to, or the substance discussed with, any person who is not

1  a qualified recipient, except as provided in this Protective Order.

2      8.    Copies of "Confidential" Information or Material.  Nothing in this
3  Protective Order shall prevent or otherwise restrict a qualified recipient from
4  making working copies, abstracts, summaries, digests, and analyses of
5  "Confidential" information or material for use in connection with this action.  All
6  working copies, abstracts, summaries, digests, and analyses will also be considered
7  "Confidential" information or material under the terms of this Protective Order.

8      9.    Transmission of "Confidential" Information or Material.  Nothing in
9  this Protective Order shall prevent or otherwise restrict the transmission or
10  communication of "Confidential" information or material between or among
11  qualified recipients of such material.

12      10.    Disclosure to Experts and Consultants.  If, in the exercise of his/her/its
13  sole discretion, a qualified recipient determines it necessary to disclose a producing
14  party's "Confidential" information or material to an independent (*i.e.*, not party-
15  affiliated) technical or business expert or consultant retained by the qualified
16  recipient or his/her/its attorneys to assist in this action, whether or not such person
17  is designated to testify as an expert at trial, the qualified recipient, prior to
18  providing any "Confidential" information **or material** to the expert or consultant,
19  will require the expert or consultant to agree to be bound by this Protective Order.

20      11.    Court Proceedings.  Any party seeking to file with the Court
21  pleadings, motions, or other documents that contain or annex "Confidential"
22  information **or material** is required to file a motion or application with the Court
23  to seal such records pursuant to the requirements of Local Rule 79-5.1 and to take
24  whatever other and further steps are necessary and required by the Court to file
25  such pleadings, motions, or other documents under seal.  This Protective Order
26  **does not** govern the use of confidential information **and material** in relation to
27  any trial in this action.

28      12.    Testimony.  Notwithstanding any provision of this Protective Order to

the contrary, any person may be examined as a witness at deposition and may testify concerning all "Confidential" information **or material** of which the person is the author, addressee, or may have knowledge. If the examination concerns "Confidential" information or material, the producing party will have the right to exclude from that portion of the deposition concerning the "Confidential" information or material any person other than the witness, the witness's attorney(s), and qualified recipients of the "Confidential" information or material.

      13.    Subpoenas. If any person or party having possession, custody, or control of any "Confidential" information **or material** receives a subpoena or other process or order to produce "Confidential" information or material, he/she/it will promptly:

      (a)    Notify in writing all attorneys of record;

      (b)    Furnish those attorneys with a copy of the subpoena or other process of order; and

      (c)    Provide reasonable cooperation with respect to a procedure to protect the "Confidential" information or material sought to be pursued by the party whose interests may be affected. If the party asserting confidentiality makes a motion to quash or modify the subpoena, process, or order, there will be no disclosure, process, or order until the Court has ruled on the motion, and then only in accordance with the ruling. If no motion is made despite a reasonable opportunity to do so, the person or party receiving the subpoena or other process or order will be entitled to comply with it if the person or party has fulfilled its obligations under this Protective Order. **Nothing in these provisions should be construed as authorizing or encouraging a party to disobey a lawful directive from another court.**

      14.    Attorneys' Actions. Nothing in this Protective Order will bar or otherwise restrict an attorney who is a qualified recipient from:

      (a)    Rendering advice to his or her client with respect to this action;

or

      (b)    Generally referring to or relying on his or her examination of documents that have been produced under this order and that contain "Confidential" information **or material**.

15. No Waiver. The taking of, or the failure to take, any action to enforce the provisions of this Protective Order, or the failure to object to any designation or any such action or omission, will not constitute a waiver of any right to seek and obtain protection or relief, other than as specified in this Protective Order, of any claim or defense in this action or any other action, including but not limited to, any claim or defense that any information **or material**:

      (a)    Is or is not relevant, material, or otherwise discoverable;

      (b)    Is or is not confidential or proprietary to any party;

      (c)    Is or is not entitled to particular protection; or

      (d)    Embodies or does not embody trade secrets or confidential research, development, or commercial information **or material** of any party. In making this claim or defense, the party must comply with the procedures described in this Protective Order. This Protective Order is entered without prejudice to the right of any party to apply to the Court at any time to relax or rescind the restrictions of this Protective Order, when convenience or necessity requires. The procedures set forth in this Protective Order will not affect the rights of the parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims, nor will they relieve a party of the necessity of proper response to discovery devices.

16. No Probative Value. This Protective Order will not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person with respect to any "Confidential" information or material. The fact that information **or material** is designated as "Confidential" under this Protective Order will not be considered to be determinative of what a trier of fact may

determine to be confidential or proprietary.  Absent a stipulation of all parties **or determination by the Court**, the fact that information **or material** has been designated as "Confidential" under this Protective Order will not be admissible during the trial of this action.  The fact that any information **or material** designated "Confidential" pursuant to this Protective Order is disclosed, used, or produced in discovery or at trial in this action will not be construed to be admissible or offered in any action or proceeding before any court, agency, or tribunal as evidence that the information **or material**:

    (a)    Is or is not relevant, material, or otherwise admissible;

    (b)    Is or is not confidential or proprietary to any party;

    (c)    Is or is not entitled to particular protection; or

    (d)    Embodies or does not embody trade secrets or confidential research, development, or commercial information **or material** of any party.

    17.    Return of Information and Materials.  At the conclusion of this action, all "Confidential" information or material will, within thirty (30) days of written request of the party furnishing the information or materials, be destroyed or returned to the party that furnished the "Confidential" information and material. All "Confidential" information **or material** not embodied in written materials, documents, or tangible items will remain subject to this Protective Order.  For purposes of this paragraph, "conclusion of this action" shall mean, as to any party, the dismissal of that party from this action by order of the Court, whether by stipulation, Request for Dismissal, or other proceeding, or final judgment as against that party after expiration of all appellate rights or the time for any such appeal.  **This paragraph does not, of course, require the return of information or materials by the Court.**

    18.    Notices.  Any of the notice requirements in this Protective Order may be waived, in whole or in part, but only a writing signed by the attorney of record for the party against whom such waiver is sought will be effective **to constitute a**

-11-
**PROTECTIVE ORDER**

1 **waiver**.

2      19.    Binding on all Parties/Extension to Non-Parties.  This Protective Order of the Court shall bind the parties represented by the undersigned counsel, the parties' agents, officers, directors, employees, and representatives who receive notice of this Protective Order, and all other parties who appear in this case during the course of this litigation **and agree in writing to be bound by the terms of this Protective Order**.  If non-parties produce documents and desire to have them produced under the terms of this Protective Order, the parties shall meet and confer and, if unable to agree, the non-parties may seek amendment to the Protective Order by motion.

DATED:  September 8, 2011

                                    *Margaret A. Nagle*
                            _____
                              MARGARET A. NAGLE
                         UNITED STATES MAGISTRATE JUDGE